Fox Rothschild LLP
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Eric A. Bevan (SBN 252140)
  ebevan@foxrothschild.com
Telephone:   (561) 804-4470
Facsimile:   (561) 835-9602
Conrad B. Wilton (SBN 313348)
  cwilton@foxrothschild.com
Telephone:   (310) 598-4150
Facsimile:   (310) 556-9828

Attorneys for Plaintiff,
WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>PEOPLE AGAINST COVERT TORTURE AND SURVEILLANCE, INTERNATIONAL, and INTERNATIONAL AMERICAN EDUCATION FEDERATION, INC. D/B/A INTERNATIONAL LEADERSHIP OF TEXAS,<br><br>        Defendants. | Case No.: _____<br><br>**COMPLAINT FOR INTERPLEADER** |

**COMPLAINT FOR INTERPLEADER**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo") sues Defendants, People Against Covert Torture And Surveillance, International ("PACTS") and the International American Education Federation, Inc. d/b/a/ International Leadership of Texas ("International American Education Federation," and, collectively with PACTS, the "Claimant Defendants"), for interpleader under 28 U.S.C §§ 1335 and 2361, and states as follows:

## INTRODUCTORY STATEMENT

1.    Wells Fargo seeks to interplead with the Court $234,728.81 (which amount may increase over time due to interest), the ownership of which is disputed by the International American Education Federation and PACTS.  The dispute arises from a wire transfer from the International American Education Federation to PACTS, which the International American Education Federation claims was the result of a fraudulent business email compromise.

2.    Because there are multiple claimants to the funds at issue, Wells Fargo, as a disinterested stakeholder, seeks to interplead the restrained funds into the Court Registry to allow the Claimant Defendants to make their respective claims to the funds.

## THE PARTIES

3.    Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota.  Accordingly, Wells Fargo is a citizen of South Dakota.

4.    PACTS is a non-profit corporation organized under the laws of the state of California, with its principal place of business located at 6321 Yucca Ave., Apt E, Twentynine Palms, California 92277, located in San Bernardino County, California Accordingly, PACTS is a citizen of the state of California.

5.    The International American Education Federation is a corporation organized under the laws of the state of Texas, doing business as International Leadership of Texas, with its principal place of business located at 3301 N. Shiloh Road, Garland, Texas 75044.  Accordingly, the International American Education Federation

2

**COMPLAINT FOR INTERPLEADER**

is a citizen of the state of Texas.

## JURISDICTION AND VENUE

6.     This is an action for interpleader of a sum that exceeds $500.00.

7.     This Court has jurisdiction over this matter and the Claimant Defendants under 28 U.S.C §§ 1332, 1335, and 2361. 28 U.S.C. § 1335 provides that a district court has original jurisdiction over an interpleader claim, where there are two or more adverse claimants of diverse citizenship as defined under 28 U.S.C. § 1332.  Wells Fargo is a citizen of South Dakota, PACTS is a citizen of California, and the International American Education Federation is a citizen of Texas, and thus there is diversity as required under 28 U.S.C. §§ 1332 and 1335.

8.     The amount in controversy is $234,728.81 (which amount may increase over time due to interest), which is in excess of the statutory limit of $500 under 28 U.S.C § 1335.

9.     Venue is appropriate in this Court under 28 U.S.C. § 1335 and 2361, because the federal interpleader statutes provide nationwide service and an interpleader action may be brought in any federal district in which a defendant resides.  Because PACTS resides in San Bernardino County, in the Central District of California, this action may be brought in the Central District of California.

10.    Per General Order 19-03, section I.B.1.a.(1)(c), this case should be assigned to the Eastern Division because PACTS resides in San Bernardino County in the Eastern Division, and the plaintiff and the other named defendant reside outside the remainder of the Central District of California.

## FACTS

11.    On February 28, 2019, the International American Education Federation wired $539,148.45 (the "Wire") from its account at Branch Banking and Trust Company to an account at Wells Fargo held by PACTS.

12.    PACTS then used, withdrew, and/or transferred a substantial portion of the Wire proceeds, including, but not limited to, transferring portions of the funds into

**COMPLAINT FOR INTERPLEADER**

1    two other accounts held at Wells Fargo.

2       13.    The International American Education Federation subsequently requested

3    a recall of the Wire based on an alleged fraudulent business email compromise.

4       14.    Wells Fargo restrained the remaining funds in the PACTS accounts that

5    derived from the Wire, which totaled $234,728.81 (which amount may increase over

6    time due to interest) (the "Restrained Proceeds").

7       15.    Wells Fargo contacted PACTS multiple times to request that PACTS

8    execute a debit authorization to allow Wells Fargo to debit the Restrained Proceeds

9    from the PACTS accounts and return the Restrained Proceeds to the International

10   American Education Federation.

11      16.    Despite these multiple requests, PACTS has refused to authorize Wells

12   Fargo to debit the Restrained Proceeds from the PACTS accounts and return them to

13   the International American Education Federation.

14      17.    Accordingly, there are multiple claims to Restrained Proceeds.

15      18.    When PACTS opened its accounts at Wells Fargo, it executed a Business

16   Account Application, a true and correct copy of which is attached hereto as Exhibit

17   "A."

18      19.    The Business Account Application provides that the Account is governed

19   by an account agreement (the "Account Agreement").  A true and correct copy of the

20   Account Agreement is attached hereto as Exhibit "B."

21      20.    There is now a dispute as to which of the Claimant Defendants is entitled

22   to the Restrained Proceeds, thus necessitating this interpleader action.

23      21.    Wells Fargo seeks to interplead the Restrained Proceeds into the Court

24   Registry to allow the Claimant Defendants to make their respective legal claims to

25   those Restrained Proceeds.

26      22.    Wells Fargo has retained the undersigned attorneys to represent it in this

27   action and has agreed to pay them a reasonable fee.

28      23.    Wells Fargo is entitled to recover its reasonable attorneys' fees and costs

4

**COMPLAINT FOR INTERPLEADER**

in this matter pursuant to the Wells Fargo Deposit Account Agreement and applicable federal law providing that a disinterested stakeholder plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorneys' fees and costs.

24.   All conditions precedent to this action have occurred or have been performed, or have otherwise been waived or excused.

## COUNT I—Interpleader

25.   Wells Fargo repeats and realleges the foregoing paragraphs 1 through 24, inclusive, as if fully set forth herein.

26.   At this time, there exists potentially rival, adverse, and conflicting claims between the Claimant Defendants as to the rightful access to the Restrained Proceeds.

27.   Wells Fargo claims no interest in the Restrained Proceeds, aside from the right to recover its reasonable attorneys' fees and costs as per contract and statute, and has done nothing to create the dispute over the access and/or entitlement to the Restrained Proceeds.

28.   Because of the conflicting claims for access to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit or release the Restrained Proceeds without the aid of this Court.

29.   Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

## PRAYER FOR RELIEF

Wherefore, Wells Fargo requests that this Court grant the following relief, that:

A.   This Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B.   This Court issue an order requiring the Claimant Defendants to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

**COMPLAINT FOR INTERPLEADER**

1   C.   Wells Fargo be discharged from all liability to the Claimant Defendants

2   in connection with the Restrained Proceeds and the Wire, including but not limited to

3   any and all transactions related to the Claimant Defendants' respective accounts;

4   D.   The Claimant Defendants be enjoined and prohibited from instituting any

5   actions against Wells Fargo and/or its agents, affiliates, employees, and servants in

6   connection with the Restrained Proceeds and the Wire, including but not limited to

7   any and all transactions related to the Claimant Defendants' respective accounts;

8   E.   Wells Fargo be awarded its costs and reasonable attorneys' fees, to be

9   paid from the Restrained Proceeds, for bringing this action;

10   F.   Wells Fargo be dismissed as a party to this action; and

11   G.   A grant of such additional relief as this Court deems equitable and

12   proper.

13

14   Dated: November 26, 2019                    FOX ROTHSCHILD LLP

15                                         By   */s/ Eric A. Bevan*

16                                              Eric Bevan
                                                Conrad Wilton
17                                              Attorneys for Plaintiff,
                                                WELLS FARGO BANK, N.A.
18   103600218.v2

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR INTERPLEADER**